NO. 07-08-0415-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 4, 2008

______________________________


JAMES ISHMAEL TIBBS, APPELLANT

V.

WARDEN SAVERS, ET AL., APPELLEES


_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4315H; HONORABLE RON ENNS, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Appellant, James Ishmael Tibbs, filed a notice of appeal challenging the trial court’s
order and final judgment dismissing his suit against Appellees for failure to comply with the
requirements of § 14.004(a)(2) of the Texas Civil Practice and Remedies Code. Although
the clerk’s record has not been filed in this cause, a copy of the Order of Dismissal and
Final Judgment was attached to Appellant’s request for permission to proceed in forma
pauperis. While the order is signed by the trial court, it is not dated. The date an order or
judgment is signed in a civil case is essential in determining the time in which to perfect an
appeal and the time in which to file the appellate record. See Tex. R. App. P. 26.1, 35.1. 
Consequently, we now abate the appeal and remand the cause to the trial court to utilize
whatever means necessary to determine the date the Order of Dismissal and Final
Judgment was signed.
          Once the date is determined, we direct the trial court to enter a modified, signed
order reflecting the date on which it was signed. The trial court clerk shall immediately
forward a copy of the corrected order to the Clerk of this Court and shall include a copy of 
that order in the clerk’s record to be filed with the Clerk of this Court on or before
December 5, 2008, should Tibbs be entitled to a clerk’s record by law.
          It is so ordered.
                                                                           Per Curiam



 me over.” Then the car
“started shooting forward” as another officer raised his pistol. Appellant’s vehicle struck
the first officer on the “shin” as he attempted to vault over the hood of the moving car and
out of the way. So too did the officer slide along the vehicle for a bit. 
          Knowing that an officer was in front of his car, racing his engine as the officer
crossed before it, striking the officer with the car, and refusing to stop after the assault,
appellant at the very least threatened the officer with imminent bodily injury, or so a rational
jury could have concluded beyond reasonable doubt. Furthermore, such a conclusion is
not so contrary to the overwhelming weight of the evidence or supported by evidence so
weak as to render the conclusion clearly wrong and unjust.
          Accordingly, we overrule the two issues and affirm the judgment of the trial court.
 
                                                                           Per Curiam


Do not publish.